UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BROAD BROOK VENTURES LLC,<br><br>              Plaintiff,<br><br>       v.<br><br>DW RUSSELL LLC,<br><br>            Defendant. | 25 Civ. 893 (DEH)<br><br>**MEMORANDUM<br>OPINION AND ORDER** |

DALE E. HO, United States District Judge:

Plaintiff Broad Brook Ventures LLC ("Broad Brook"), a designer and seller of goods available on Amazon's online marketplace, alleges that Defendant DW Russell LLC ("DW Russell"), a competing seller doing business as Pacific Reef Spearfishing, infringed its copyright in a product based on whistles used by the ancient Aztec civilization. Broad Brook brings claims of (1) copyright infringement under 17 U.S.C. § 501 and (2) unfair competition under New York law. Broad Brook has also moved to permanently enjoin DW Russell from selling the allegedly infringing products. DW Russell opposes Broad Brook's Motion for Preliminary Injunction and has moved to dismiss the claims asserted in Broad Brook's complaint. For the reasons set forth below, DW Russell's Motion to Dismiss is **GRANTED IN PART** and **DENIED IN PART** and Broad Brook's Motion for Preliminary Injunction is **GRANTED**.

## BACKGROUND

The following facts are assumed to be true for purposes of the Motion to Dismiss. *See, e.g.*, *LaFaro v. N.Y. Cardiothoracic Grp., PLLC*, 570 F.3d 471, 475 (2d Cir. 2009).[1]

---

[1] Unless otherwise noted, the facts are taken primarily from Broad Brook's Complaint, ECF No. 1 ("Compl.").

Broad Brook designed a product based on whistles used by the ancient Aztec civilization, which it refers to as an Aztec "war" or "death" whistle. Compl. ¶¶ 16-33. Broad Brook asserts that the process of design and market research that culminated in the product's final design was resource-intensive and lasted "almost ten months." *Id.* ¶ 34. Broad Brook registered a copyright for its design on April 27, 2022. *Id.* ¶ 35. Broad Brook began selling the product on Amazon's online marketplace in February, 2022, and had sold approximately 28,000 units of the product at the time it commenced this lawsuit, which Broad Brook alleges amounts to over $1 million in sales. *Id.* ¶¶ 35, 37.

Broad Brook alleges that beginning in July, 2024, DW Russell—another seller on Amazon's online marketplace, and on other platforms such as WalMart and eBay—began to sell products marketed as "Aztec Death Whistles." *Id.* ¶ 42. Broad Brook alleges that DW Russell's products are virtual copies of Broad Brook's original copyrighted whistle. *Id.* ¶¶ 44-49. Broad Brook claims that DW Russell's copied products have cost Broad Brook a significant share of sales, amounting to at least 6,000 units of product at the time this lawsuit commenced, totaling approximately $216,000 in lost sales. *Id.* ¶ 50. Broad Brook asserts that DW Russell's copied products have forced Broad Brook to expend additional costs on advertising in order to compete for market share, and have harmed the reputation of Broad Brook's original products because of misdirected customer complaints about the inferior quality of the copied products. *Id.* ¶¶ 51, 54-56.

Broad Brook commenced this lawsuit on January 30, 2025, claiming copyright infringement under 17 U.S.C. § 501 and unfair competition under New York law. *Id.* ¶¶ 60-75. On same date, Broad Brook moved to enjoin DW Russell from further selling the allegedly infringing products. ECF No. 4. On February 6, 2025, the Court held a show cause hearing on Broad Brook's request for a preliminary injunction and, following that hearing, entered a

2

temporary restraining order enjoining DW Russell from selling the allegedly infringing products on Amazon, Walmart, and eBay. ECF Nos. 12, 17. On March 4, 2025, Broad Brook filed a letter requesting to extend the TRO. On March 6, 2025, DW Russell filed a motion for an extension of time to respond to Broad Brook's request for an extension of the TRO. ECF No. 30. On March 7, 2025, the Court held a conference during which DW Russell consented to an extension, *sine die*, of the temporary restraining order. ECF No. 33.

Broad Brook's Motion for a Preliminary Injunction and DW Russell's Motion to Dismiss are now fully briefed and pending before the Court.

## LEGAL STANDARDS

### I.    Motion to Dismiss

DW Russell LLC brings its Motion to Dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure.[2] To survive a motion to dismiss pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face'" *Sacerdote v. N.Y. Univ.*, 9 F.4th 95, 106 (2d Cir. 2021) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). In assessing the complaint, the court "must construe it liberally, accepting all factual allegations therein as true and drawing all reasonable inferences in the plaintiffs' favor." *Id.* at 106–07. But the court must disregard any "conclusory allegations, such as 'formulaic recitations of the elements of a cause of action.'" *Id.* at 107 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

---

[2] All references to Rules are to the Federal Rules of Civil Procedure. In all quotations from cases, the Court omits citations, alterations, emphases, internal quotation marks, and ellipses, unless otherwise indicated.

3

## II.    Motion for Preliminary Injunction

In considering an application for preliminary injunction, the Court must evaluate the plaintiff's showing for "(1) a likelihood of success on the merits," (2) "that [the plaintiff] is likely to suffer irreparable injury in the absence of an injunction," (3) that "the balance of hardships tips in the plaintiff's favor," and (4) "that the public interest would not be disserved by the issuance of [the] injunction." *Telebrands Corp. v. Guangzhou Alpaca Home Furnishing Co., Ltd.*, 2025 WL 1591970, at *4 (S.D.N.Y. June 5, 2025) (citing *Salinger v. Colting*, 607 F.3d 68, 79–80 (2d Cir. 2010)).

"In determining whether the balance of the equities tips in the plaintiff's favor and whether granting the preliminary injunction would be in the public interest, the Court must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief, as well as the public consequences in employing the extraordinary remedy of injunction." *Bionpharma Inc. v. CoreRx, Inc.*, 582 F. Supp. 3d 167, 178 (S.D.N.Y. 2022). "[T]he public interest nearly always weighs in favor of protecting property rights in the absence of countervailing factors, especially when the patentee practices his inventions." *Apple Inc. v. Samsung Elecs. Co.*, 809 F.3d 633, 647 (Fed. Cir. 2015).

## DISCUSSION

## I.    DW Russell's Motion to Dismiss

### A.    Copyright Infringement

To bring a claim of copyright infringement, the claimant must allege "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Abdin v. CBS Broadcasting Inc.*, 971 F.3d 57, 66 (2d Cir. 2020) (quoting *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991). "To satisfy the second element, a plaintiff must demonstrate that: (1) the defendant has actually copied the plaintiff's work; and (2) the copying is illegal

because a substantial similarity exists between the defendant's work and the protectible elements of plaintiff's work." *Id.* (quoting *Yurman Design, Inc. v. PAJ Inc.*, 262 F.3d 101, 110 (2d Cir. 2001)).

First, Broad Brook has sufficiently alleged ownership of a valid copyright because it provides the certificate of registration for its copyright in the product at issue. Compl. Ex. A; *see Warren v. John Wiley & Sons, Inc.*, 952 F. Supp. 2d 610, 617 (S.D.N.Y. 2013); *see also Hamil Am., Inc. v. GFI*, 193 F.3d 92, 98 (2d Cir. 1999) (A "certificate of registration from the United States Register of Copyrights constitutes *prima facie* evidence of the valid ownership of a copyright.").

As to the second element, a plaintiff can show copying without "direct evidence" by sufficiently alleging that (1) "the defendant had access to the copyrighted work," and that (2) there is "substantial similarity of protectible material in the two works." *Williams v. Crichton*, 84 F.3d 581, 587 (2d Cir. 1996). A plaintiff can meet the requirement of substantial similarity by showing that "an average lay observer would recognize the alleged copy as having been appropriated from the copyrighted work." *Hamil Am. Inc. v. GFI*, 193 F.3d 92, 100 (2d Cir. 1999).

Broad Brook's allegation that their product was publicly available online and preceded DW Russell's products is sufficient to show that DW Russell had access to the copyrighted work. Compl. ¶ 36. And a side-by-side comparison of Broad Brook's product with DW Russell's alleged infringing product supports the conclusion that Broad Brook has adequately alleged that an "average lay observer" would recognize appropriation of Broad Brook's copyrighted design:



**Infringement Analysis Defendant's (Left) *versus* Plaintiff's (Right)**

Compl. ¶ 45; *see Gogo Apparel, Inc. v. Daruk Imports, Inc.*, No. 19 Civ. 5701, 2020 WL 4274793, at *5 (S.D.N.Y. June 11, 2020) (employing a side-by-side comparison to determine that plaintiff sufficiently alleged appropriation of the copyrighted work).

DW Russell argues that Broad Brook cannot assert the second element of their copyright infringement claim because the whistle is not original.  ECF No. 38 at 4.  They argue that "Aztec

death whistles" have existed in the public domain prior to Broad Brook obtaining a copyright in its product, and that therefore, Broad Brook's product is not sufficiently original to support a claim of infringement.  *Id.* at 5-6.  The Court disagrees.

For a work to be validly copyrightable, "[t]he level of originality and creativity that must be shown is minimal, only an unmistakable dash of originality need be demonstrated, high standards of uniqueness in creativity are dispensed with."  *Folio Impressions, Inc. v. Byer California*, 937 F.2d 759, 764–65 (2d Cir. 1991).  DW Russell cites a whistle designed and sold by the late Xavier Quijas Yxayotl, a famous Native American artist, as an example of a product preceding Broad Brook's that undercuts the originality of Broad Brook's copyright.  ECF No. 40 at 1–3.  However, a side-by-side comparison between the product sold by Yxayotl and that sold by Broad Brook demonstrates clear aesthetic differences sufficient to meet the "minimal" threshold of originality for Broad Brook's claim of infringement:



| Emperor Death Whistle (Def. Ex. A) | Plaintiff's Copyrighted Whistle |

ECF No. 41 at 7.

Accordingly, DW Russell's Motion to Dismiss Broad Brook's claim of copyright infringement is **DENIED**.

**B.      Unfair Competition**

"The essence of an unfair competition claim under New York law is that the defendant misappropriated the fruit of plaintiff's labors and expenditures by obtaining access to plaintiff's business idea either through fraud or deception, or an abuse of a fiduciary of confidential relationship." *Telecom Int'l Am., Ltd. v. AT&T Corp.*, 280 F.3d 175, 197 (2d Cir. 2001). However, "where a plaintiff's unfair competition claim is premised on a defendant's alleged infringement of [plaintiff's intellectual property], the claim is preempted by federal . . . law." *Bytemark, Inc. v. Xerox Corp.*, 342 F. Supp. 3d 496, 506 (S.D.N.Y. 2018); *see also Enzo Biochem, Inc. v. Amersham PLC*, 981 F. Supp. 2d 217, 226 (S.D.N.Y. 2013).

Because Broad Brook seeks only to protect its copyright from misappropriation, its state-law claim for unfair competition is preempted by federal copyright law. *Cf. id.* Accordingly, DW Russell's Motion to Dismiss is **GRANTED** as to Broad Brook's claim of unfair competition under New York law.

**II.      Broad Brook's Motion for Preliminary Injunction**

For the following reasons, the Court finds that Broad Brook has sufficiently shown that the preliminary injunction factors are met. Accordingly, Broad Brook's Motion for Preliminary Injunction is **GRANTED**.

**A.      Likelihood of Success on the Merits**

Likelihood of success on the merits of patent infringement claims requires a showing that the patent is (1) being infringed and (2) would survive any challenge to validity. *Metalcraft of Mayville, Inc. v. The Toro Co.*, 848 F.3d 1358, 1364 (Fed. Cir. 2017); *see also Titan Tire Corp. v. Case New Holland, Inc.*, 566 F.3d 1372, 1376 (Fed. Cir. 2009). "To establish a likelihood of success on the merits, a plaintiff need not show that success is an absolute certainty. It need only

8

make a showing that the probability of . . . prevailing is better than fifty percent." *fuboTV Inc. v. Walt Disney Co.*, 745 F. Supp. 3d 109, 133 (S.D.N.Y. 2024).

In opposing Broad Brook's Motion for Preliminary Injunction, DW Russell argues only, without elaboration, that Broad Brook "cannot and will not prevail on the merits." ECF No. 38 at 7. As discussed *supra*, however, Broad Brook has sufficiently stated a *prima facie* claim of infringement. *See Michael Grecco Prods., Inc. v. Valuewalk, LLC*, 345 F. Supp. 3d 482, 500 (S.D.N.Y. 2018) ("A certificate of registration from the United States Register of Copyrights constitutes prima facie evidence of the valid ownership of a copyright."); *Jorgensen v. Epic/Sony Records*, 351 F.3d 46, 51 (2d Cir. 2003) ("Actual copying may be established with direct or indirect evidence"). As detailed in Broad Brook's motion for a preliminary injunction, these allegations are amply supported by exhibits, including Broad Brook's certificate of registration and various photographs comparing the products in question. *See* Pl.'s Mem. in Supp. of Mot. for Prelim. Inj. at 13, ECF No. 5 ("Pl.'s Mem."). Accordingly, the Court determines that Broad Brook has shown likelihood of success on the merits of its copyright claim.

### B.    Irreparable Harm

"A showing of irreparable harm is the single most important prerequisite for the issuance of a preliminary injunction." *Faively Transp. Malmo AB v. Wabtec Corp.*, 559 F.3d 110, 118 (2d Cir. 2009). Irreparable harm is "a continuing harm which cannot be adequately redressed by final relief on the merits and for which money damages cannot provide adequate compensation." *Kamerling v. Massanari*, 295 F.3d 206, 214 (2d Cir. 2002) (per curiam); *see also Moore v. Consol. Edison Co. of N.Y.*, 409 F.3d 506, 510 (2d Cir. 2005) (Where "there is an adequate remedy at law, such as an award of money damages, injunctions are unavailable except in extraordinary circumstances."). To satisfy the irreparable harm requirement, a plaintiff must demonstrate "a *threat* of irreparable harm, not that the irreparable harm already have occurred." *Mullins v. City*

*of New York*, 626 F.3d 47, 55 (2d Cir. 2010).  In copyright actions, "courts must not simply presume irreparable harm."  *Salinger v. Colting*, 607 F.3d 68, 82 (2d Cir. 2010) (citing *eBay, Inc. v. MercExchange*, 547 U.S. 388, 393 (2006)).  However, "[h]arm may be irreparable where the loss is difficult to replace or measure, or where plaintiffs should not be expected to suffer the loss."  *WPIX, Inc. v. ivi, Inc.*, 691 F.3d 275, 285 (2d Cir. 2012).

Broad Brook argues that DW Russell's sales of the infringing product cause irreparable harm because the sales have led to market confusion and Broad Brook's loss of sales and market share.  Pl.'s Mem. at 14–18.  To substantiate its argument of market confusion, Broad Brook cites negative product reviews about the efficacy and durability of DW Russell's products.  *Id.* at 15–16.  And Broad Brook has cited the sales history of DW Russell's products to support their allegation of their own loss in sales and market share.  Compl. ¶ 50.  DW Russell has not proffered evidence to refute these claims.

The Federal Circuit has held that "[p]rice erosion, loss of goodwill, damage to reputation, and loss of business opportunities are all valid grounds for finding irreparable harm."  *Celsis In Vitro, Inc. v. CellzDirect, Inc.*, 664 F.3d 922, 930 (Fed. Cir. 2012).  "Direct competition in the same market" is enough to "suggest[] strongly the potential for irreparable harm without enforcement of the right to exclude."  *Presidio Components, Inc. v. Am. Tech. Ceramics Corp.*, 702 F.3d 1351, 1363 (Fed. Cir. 2012).

Accordingly, the Court determines that Broad Brook has sufficiently shown irreparable harm.

### C.    Balance of Equities and Public Interest

In deciding whether to issue a preliminary injunction, "a court must consider the balance of hardships between the plaintiff and the defendant and issue the injunction only if the balance of hardships tips in the plaintiff's favor."  *Salinger*, 607 F.3d at 80.  In copyright cases, the "plaintiff's

interest is, principally, a property interest in the copyrighted material," while the defendant "likewise has a property interest in [its] work to the extent that work does not infringe the plaintiff's copyright." *Id.* at 81.

Absent an injunction, Broad Brook will continue to suffer market confusion and loss of sales and market share, as stated above. As noted above, this is enough for irreparable harm. DW Russell has not articulated a countervailing equitable interest weighing in its favor. And finally, "the public interest nearly always weighs in favor of protecting property rights in the absence of countervailing factors, especially when [an intellectual property holder] practices [their] inventions." *Apple Inc. v. Samsung Electrs. Co.*, 809 F.3d 633, 647 (Fed. Cir. 2015). Here, the public interest is best served by protecting the copyright holder's rights and entering an injunction to protect Broad Brook from reputational harm and loss of sales and market share.

Accordingly, the Court determines that the balance of equities and public interest weigh in favor of granting Broad Brook's Motion.

## CONCLUSION

For the aforementioned reasons, DW Russell's Motion to Dismiss, ECF No. 39, is **GRANTED IN PART** and **DENIED IN PART**. Broad Brook's Motion for Preliminary Injunction, ECF No. 4, is **GRANTED**. DW Russell's motion for an extension of time to respond to Broad Brook's motion for a TRO, ECF No. 30, is **DENIED as moot.**

The parties are directed to meet and confer, and to file: (1) a proposed order granting preliminary relief consistent with this Opinion and Order; and (2) a proposed case management plan within fourteen (14) days of the date of this Order.

11

The Clerk of Court is respectfully requested to terminate ECF Nos. 4, 30 and 39.

SO ORDERED.

Dated: February 19, 2026

      New York, New York

DALE E. HO
United States District Judge

12